# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA FLENORY,<br><br>Plaintiff,<br><br>v.<br><br>MACY'S INC., a corporation; and MACY'S RETAIL HOLDINGS, LLC, a limited liability company,<br><br>Defendants. | Case No. 1:23-cv-00297-JLT-SKO<br><br>ORDER TO SHOW CAUSE CONCERNING SUBJECT MATTER JURISDICTION<br><br>(Doc. 1) |

On February 27, 2023, Tanya Flenory filed a complaint against Macy's Inc. and Macy's Retail Holdings, LLC asserting four claims under California's Fair Employment and Housing Act, California Government Code § 12940 *et seq.*, and a related tort claim for constructive discharge. (Doc. 1 at 1.) Flenory asserts this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1332. (*Id.* at 2.) The burden of establishing subject matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1085 (S.D. Cal. 2016) ("As the party putting the claims before the court, Plaintiffs bear the burden of establishing jurisdiction."). The Court may consider the issue of subject matter jurisdiction *sua sponte* at any time during the proceeding, and if the Court finds "it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336

1

F.3d 982, 985 (9th Cir. 2003). As described below, the complaint fails to sufficiently plead federal jurisdiction.

First, 28 U.S.C. § 1331 grants federal courts jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." The general rule, referred to as the "well-pleaded complaint rule," is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (internal quotations omitted). Because Flenory's claims all arise under California law, and she does not assert a claim under any federal law, the complaint fails to plead jurisdiction under § 1331. *See Stearns v. Stearns*, 2022 WL 17832259, at 1 (W.D. Wash. Dec. 21, 2022) (issuing order to show cause regarding subject matter jurisdiction where plaintiff failed to "identify a single federal statute or constitutional provision under which he brings his claims").

Second, 28 U.S.C. § 1332(a) provides jurisdiction over certain actions between citizens of different states. Complete diversity is a requirement of 28 U.S.C. § 1332. Thus, the "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For diversity purposes, the citizenship of an individual is "determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Corporations are citizens of their states of incorporation and their principal places of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). A limited liability company (LLC) is the citizen of every state where its owners or members are citizens, regardless of its state of formation or principal place of business; the citizenship of all of its members must be alleged. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611-12 (9th Cir. 2016).

Flenory did not allege the citizenship of the members or owners of Macy's Retail Holdings, LLC. The complaint simply states the LLC "has its corporate offices and principal place of business location in Ohio" and that it operates stores in California. (Doc. 1 at 2-3.) "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to

allege affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857. Because Flenory did not allege the citizenship of the LLC members or owners, the complaint fails to plead complete diversity to establish jurisdiction under § 1332. *See Grayson Serv., Inc. v. Crimson Res. Mgmt. Corp.*, 2015 WL 6689261, at *3 (E.D. Cal. Oct. 28, 2015) (granting motion to dismiss where plaintiff's second amendment complaint was "devoid of any mention of the citizenship of the owners of the LLC" because "failure to specify the state citizenship of the parties is fatal to the assertion of diversity jurisdiction"). Accordingly,

1. Within **fifteen days** of the issuance of this order, Flenory **SHALL** show cause in writing why her claims should not be dismissed for lack of subject matter jurisdiction.
2. Alternatively, within **fifteen days**, Flenory may either file an amended complaint that contains allegations addressing the court's jurisdiction and the issues identified in this order or may voluntarily dismiss her claims.

**Failure to comply with this order will result in dismissal with prejudice of all claims due to lack of jurisdiction.**

IT IS SO ORDERED.

Dated:   **March 1, 2023**

_____
UNITED STATES DISTRICT JUDGE

3